## JOHN C. GILE *vs.* CHARLES DEVENS.

A second attachment of property by the same officer on the same writ as the first, is not necessarily wrongful because the first attachment was illegal; nor because the writ was altered by the attorney after the first attachment; it not appearing that the first attachment was made for the purpose of making the second, or that the second was effected by means of the first.

TRESPASS *quare clausum*, with the aggravation of taking possession of the plaintiff's store of goods and keeping possession of it. At the trial in the court of common pleas before *Perkins*, J. it appeared in evidence that a suit in which Ezekiel Byam and others were plaintiffs, and Thomas C. Cobb was defendant, was placed in the hands of the defendant, as marshal of the United States, who thereupon entered the store of the plaintiff and attached his stock of goods as the property of said Cobb, and placed his keeper over the same. About eight hours after, the attorney of Byam and others, having ascertained that said store and stock of goods did not belong to the said Cobb, but to the plaintiff, took the writ from the defendant and altered it by inserting the name of the plaintiff therein as joint defendant with said Cobb, and then restored the writ to the marshal, who thereupon went to the store, stated that he gave up his former attachment, and again attached the goods as the property of Gile, the present plaintiff, and gave the keeper, who kept possession of the goods, in the meanwhile, a new deputation to hold said property for him as the property of Gile—neither the defendant nor his keeper having left the said store—and thereupon, and without any other right or justification, the defendant held the store and property about two days. Upon the return of said writ in favor of Byam and others, the marshal set forth that he attached the property as belonging to Gile, and made no mention of his former attachment on the same writ, before it was altered, as the property of Cobb.

Upon this evidence, the plaintiff contended that as there was no return of the writ as originally made out, and that as the officer entered and held possession of the property for

eight hours, on a writ against Cobb alone, he was, up to that time, clearly a trespasser, and that he had offered no justification; that after the writ had been altered by inserting the name of Gile as a joint defendant with said Cobb, the officer was still a trespasser for two reasons: 1st. That having entered the store and made the attachment tortiously, and having tortiously kept the possession up to the time he made the second attachment, such new attachment, so made, was not legal, and was no sufficient justification. 2d. That a writ altered as this was, after it had gone into the hands of an officer, and after he had made an attachment upon it, was so far void that it could not justify the officer in entering the store and attaching the property of Gile.

The defendant contended that if he were held to be a trespasser up to the time of the new attachment, yet that after that time he was justified by his new attachment. The judge ruled, that as the original attachment was, on the proof, tortious, the officer could not, while he held such tortious possession and attachment, make a new attachment under which he could justify, and that, upon the facts above stated being proved to the satisfaction of the jury, the defendant would in law be regarded as a trespasser during the whole time he had possession of said store and property. But by consent of the parties the jury were directed to find, and state, when they returned their verdict, if for damages, what portion of the same accrued prior to the second attachment. The jury found a verdict for the plaintiff for the sum of $175, and stated that they found the damages to be $75, for the time the property was held before the new attachment, for which sum by agreement the verdict should stand and judgment be entered thereon, if the ruling should be held incorrect as to the effect of the new attachment.

The defendant excepted to the above rulings and directions in reference to the second attachment.

*W. Brigham*, for the plaintiff. The amendment of the writ, by the attorney of Byam and others, was unauthorized, and the attachment under the amended writ was tortious. *St.* 1833, *c.* 194; *Brigham* v. *Este*, 2 Pick. 420; *Guilford*

v. *Adams,* 19 Pick. 376. The writ cannot be regarded as a new writ, after the amendment, because the plaintiffs therein did not so treat it. They did not direct the old action to be stopped, or even the attachment to be discharged. And the defendant could not make a legal attachment, as he had entered the plaintiff's premises, and held the property so attached, tortiously. *Ilsley* v. *Nichols,* 12 Pick. 270; *The State* v. *Hooker,* 17 Verm. 658; *Hooker* v. *Smith,* 19 Verm. 152; *The People* v. *Hubbard,* 24 Wend. 369; *Curtis* v. *Hubbard,* 4 Hill, 437; *Wells* v. *Gurney,* 8 Barn. &Cres. 769; *Ex parte Wilson,* 1 Atk. 152; *Loveridge* v. *Plaistow,* 2 H. Bl. 29; *Birch* v. *Prodgers,* 1 New Rep. 135; *Oystead* v. *Shed,* 13 Mass. 520; *Kerbey* v. *Denby,* 1 Mees. & Welsb. 336, and Tyrw. & Grang. 688.

*E. F. Hodges,* for the defendant. The possession of the property by the defendant was not of such a tortious nature as to invalidate the second attachment. *Ilsley* v. *Nichols,* 12 Pick. 276; *Atkinson* v. *Jameson,* 5 T. R. 25; *Hall* v. *Roche,* 8 T. R. 187. ·The second attachment was not made through the first, nor was the first made to facilitate the second. To sustain the last attachment would not encroach on the maxim, that "no lawful thing, founded upon an unlawful act, can be supported." The only cases in which seized property, or an arrested person, has been discharged, are those in which there was an infringement of such personal rights, as the law protects with peculiar jealousy. See *Lee* v. *Gansel,* Cowp. 1; *Semayne's case,* 5 Co. 93, res. 4, 5; *Van Winkle* v. *Udall,* 1 Hill's (N. Y.) R. 559.

METCALF, J. We are of opinion that the plaintiff is entitled to judgment for $75 only, the amount of the injury which the jury have found that he suffered by the first attachment.

It has been argued that the second attachment was unlawful, and that the plaintiff is entitled to damages for that. The ground taken for him is, that inasmuch as the first attachment was confessedly wrongful, the second, which was made immediately after the first was abandoned, was also wrongful And cases have been cited, in which parties were discharged

from arrest on civil process, when such arrest was made whilst they were unlawfully confined; and cases in which arrests, or seizures of property, have been held unlawful, when made after the breaking of the doors of the parties' dwelling-houses. Many of the cases of arrest are decided on considerations not applicable to seizures of property. *Barratt* v. *Price,* 2 Moore & Scott, 634, and 9 Bing. 566; *Barkley* v. *Faber,* 1 Chit. R. 579, and 2 Barn. & Ald. 743.* In the cases of seizure, which were cited for the plaintiff, and in which the seizures were held to have been unlawful and trespasses, unlawful means were used *for the purpose* of seizing the property, and the seizures were effected by those means. But, in the present case, the first attachment was not made for the purpose of enabling the plaintiffs in the action of Byam and others to make the second; nor was the second effected by means of the first. There is no evidence, nor is there any legal presumption, that the last attachment could not, or would not, have been made, if the first had not been. It is possible, indeed, that the plaintiff, between the times of the first and last attachments, might have removed the property beyond the defendant's reach; but it is not to be presumed that he would have done so. Nor is his loss of an opportunity to do so a legal ground of damages. *Kaley* v. *Shedd,* 10 Met. 317.

The alteration of the writ furnished no objection to the defendant's proceedings under it. *Gardner* v. *Webber,* 16 Pick. 251. And if the writ had been bad, the plaintiff should have objected to it by plea in abatement or motion to dismiss, and cannot treat the defendant as a trespasser for serving it.

*Judgment for $75 and costs.*

---

* See also *Percival* v. *Stamp,* 9 Welsb. Hurlst. & Gord. 167.